07-18-00068-CV
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
5/29/2018 2:18 PM
Vivian Long, Clerk

ACCEPTED

CASE NO. 07-18-00068-CV

IN THE
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
5/29/2018 2:18:19 PM
VIVIAN LONG
CLERK

RONALD R. WAGNER & CO., LP,
APPELLANT

v.

APEX GEOSCIENCE, INC. AND BRAUN
INTERTEC CORPORATION,
APPELLEES

INTERLOCUTORY APPEAL FROM THE 181ST JUDICIAL
DISTRICT COURT OF POTTER COUNTY, TEXAS,
THE HONORABLE JOHN B. BOARD, PRESIDING

**APPELLEES APEX GEOSCIENCE, INC. AND
BRAUN INTERTEC CORPORATION'S BRIEF**

D. Wilkes Alexander
State Bar No. 00783527
walexander@fiskalexander.com

James B. Pruden
State Bar No. 24090822
jpruden@fiskalexander.com

FISK ALEXANDER, PC
2711 N. Haskell Ave.
Suite 1550 – LB 10
Dallas, Texas 75204
214/638-3744 - Telephone
214/638-5105 – Facsimile

ATTORNEYS FOR APPELLEE
APEX GEOSCIENCE, INC. AND
BRAUN INTERTEC CORP.

**Oral Argument Requested**

## Identity of Parties and Counsel

Appellees Apex Geoscience, Inc. (hereinafter "Apex") and Braun Intertec Corporation (hereinafter "Braun") do not take issue with the identification of parties and counsel except to note two corrections.

First, prior to 2015, Apex was an independently owned and operated Texas Corporation, properly registered as Firm No. 3179 with the Texas Board of Professional Engineers and actively engaged in the practice of engineering within the State of Texas. In September 2015, Braun acquired Apex, which is now a division of Braun Intertec Corporation and not a wholly owned subsidiary. Braun is a licensed Engineering Firm, properly registered as Firm No. 12228 with the Texas Board of Professional Engineers and actively engaged in the practice of engineering within the State of Texas.

Second, Apex and Braun are also represented in this matter by Attorney James Pruden, State Bar No. 24090822.

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ..........................................................2

TABLE OF CONTENTS .............................................................................3

INDEX OF AUTHORITIES..........................................................................5

SUPPLEMENTAL STATEMENT OF JURISDICTION ........................................6

SUPPLEMENTAL STATEMENT OF THE CASE ..............................................6

REQUEST FOR ORAL ARGUMENT ............................................................6

RESPONSIVE ISSUE PRESENTED ...............................................................7

> The Trial Court did not err or abuse its discretion in dismissing all of the Plaintiff's alleged causes of action against the Defendants Apex and Braun due to plaintiff's failure to file a certificate of merit, as Appellee Apex and Braun were licensed engineering firms engaged in the practice of engineering for the public.

SUPPLEMENTAL STATEMENT OF FACTS.....................................................7

SUMMARY OF THE ARGUMENT ...............................................................8

ARGUMENT AND AUTHORITIES................................................................9

1. Appellee Apex and Appellee Braun are both licensed engineering firms performing engineering services within the State of Texas..................9
2. The Certificate of Merit Requirement................................................11
3. Triggering the Certificate of Merit Requirement ...............................12
4. Even if Texas Courts incorporate the § 150.001 "the practice of engineering" definition into the § 150.002(a) "arising out of the provision of professional services" requirement; Appellee was engaged in the practice of engineering ............................................................13
    a. The exemptions to the "practice of engineering" listed in Tex. Occ. Code. §§ 1001.053-063 do not apply to an Appellees pursuant to Tex. Occ. Code. § 1001.051 ..................................14

b. Even if the Court finds that Tex. Occ. Code. § 1001.051 does not apply to Appellees, Tex. Occ. Code. § 1001.062 does not apply in this case ................................................................14

5. Dismissal for Failure to Comply was the Proper Remedy..................16

CONCLUSION AND PRAYER ..........................................................................17

CERTIFICATE OF SERVICE ............................................................................19

CERTIFICATE OF COMPLIANCE...................................................................20

# INDEX OF AUTHORITIES

## Statutes

### Tex. Civ. Prac. & Rem. Code

§ 150.001 ................................................................................................................11, 13

§ 150.002(a) ...........................................................................................................10, 12

§ 150.002(e) .............................................................................................................9, 16

### Tex. Occ. Code

§ 1001.003(b) ...............................................................................................................13

§ 1001.003(c)(10) ........................................................................................................10

§ 1001.051 ................................................................................................................9, 14

§ 1001.053 ....................................................................................................................13

§ 1001.062 ....................................................................................................................14

### Tex. R. App. P.

Rule 39.1 ........................................................................................................................6

Rule 39.7 ........................................................................................................................6

## SUPPLEMENTAL STATEMENT OF JURISDICTION

Appellee's Apex and Braun Intertec Corporation do not take issue with the Appellant Ronald R. Wagner & Co., LP's (hereinafter "Wagner") Supplemental Statement of Jurisdiction.

## SUPPLEMENTAL STATEMENT OF THE CASE

Apex and Braun do not take issue with the Appellant's Supplemental Statement of The Case, to the extent that it reflects the procedural history of the case. However, Apex and Braun object to sentences 1 – 4 on Page 11 of Appellant's Brief as argumentative and incorrect conclusions of law.

On or about November 19, 2017, Plaintiff filed its First Amended Original Petition naming (1) Advantage Asphalt of Lubbock, LLC; (2) Advanced Pavement Maintenance, Ltd.; (3) Apex Geoscience, Inc.; (3) Braun Intertec Corporation; (4) Glenn E. Braudt, Individually; and (5) Brad Scott Knutson, Individually as defendants to the lawsuit. In that petition, Appellant alleged no contractual relationship with either Apex or Braun.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Rules 39.1 and 39.7 of the TEXAS RULES OF APPELLATE PROCEDURE, Appellees Apex and Braun request that the Court hear oral argument of this appeal.

## RESPONSIVE ISSUE PRESENTED

The Trial Court did not err or abuse its discretion in dismissing all of Wagner's alleged causes of action against Appellees Apex and Braun due to Wagner's failure to file a Certificate of Merit, as Appellees Apex and Braun were licensed engineering firms engaged in the practice of engineering for the public.

## SUPPLEMENTAL STATEMENT OF FACTS

Appellees Apex and Braun do not take issue with paragraphs I – III of Appellant's Supplemental Statement of Facts.

Appellees object to the inclusion of the "facts" set out in paragraphs IV – VII as entirely misleading and meant to confuse the Court in this matter. The Appellant's use of the word "defendant" and not "Appellee" is seemingly meant to imply that Apex and Braun performed actions made by other defendants in this case. For example, Appellant appears to claim that Apex and Braun provided Wagner with an unsolicited bid to provide materials for the project made basis of this case, which is simply not true.

Apex and Braun's only involvement with this project was that defendant Advanced Pavement Maintenance, LTD hired Appellees Apex and Braun to perform engineering analysis and geotechnical testing for the "Wilson Pit." [RR, Vol.1 Exhibit 1]. See also [CR 25]. This engineering report is signed by Shane E. Nance, P.E., a senior engineer for Appellee Apex Geoscience.

7

By improperly characterizing the role of the parties in this case, Appellant's are attempting to make it appear as if Appellees Apex and Braun provided Appellant Wagner with pricing and raw materials for the construction of the roadway.

**SUMMARY OF THE ARGUMENT**

Appellees Apex and Appellee Braun are both licensed engineering firms performing professional engineering services within the State of Texas. [CR 48] Appellant's claims against Appellees arise out of the performance of their professional geotechnical engineering services [CR 39 - 41], and as such Appellant failed to follow the requirements of TEX. CIV. PRAC. & REM. CODE, § 150.

To circumvent the Certificate of Merit requirement, Appellant attempts to argue that Appellees were not engaged in the "practice of engineering." However, this is irrelevant to the application of § 150, as the statute does not include the phrase "the practice of engineering" but requires a certificate of merit be filed "In any action … for damages arising out of the provision of professional services by a licensed [Engineer]."

Additionally, Appellant attempts to argue that Appellees are exempt from the definition of the practice of engineering by citing an exemption meant to exclude individuals who are constructing some type of improvement upon real property and who are working from engineer's plans that have another engineer's seal. [CR 14, 15]

8

That exception is totally inapplicable to the situation we have here in which a geotechnical engineer has signed a geotechnical engineering analysis as a part of his employment at a geotechnical engineering firm. Furthermore, the cited exemption only applies to a "a person who does not offer to the public to perform engineering services." TEX. OCC. CODE. § 1001.051

Appellant failed to follow the requirements of TEX. CIV. PRAC. & REM. CODE, § 150 and pursuant to the provisions of § 150.002(e), the Trial Court properly dismissed the action against Appellees for Appellant's failure to file the affidavit in accordance with Texas Law.

## ARGUMENT AND AUTHORITES

**1.  Appellees Apex and Appellee Braun are both licensed engineering firms performing engineering services within the State of Texas.**

Prior to 2015, Apex was an independently owned and operated Texas Corporation, properly registered as Firm No. 3179 with the Texas Board of Professional Engineers and actively engaged in the practice of engineering within the State of Texas. Founded around 1995, Apex provided geotechnical engineering, construction materials testing, and environmental consulting services; including a myriad of specialty engineering services, such as, deep foundation design and testing, building sciences, nondestructive examination, structures evaluations and forensic investigations, drilling and cone penetration testing (CPT), and geospatial and unmanned aerial vehicle services

9

Then in September 2015, Braun, a geotechnical engineering, testing and environmental consulting firm, acquired Apex, which is now a division of Braun Intertec Corporation and not a wholly owned subsidiary. Braun is a licensed Engineering Firm, properly registered as Firm No. 12228 with the Texas Board of Professional Engineers and actively engaged in the practice of engineering within the State of Texas. [CR 48 – 50]

Prior to this acquisition, Advanced Pavement Maintenance, LTD contracted with Apex to perform engineering analysis and geotechnical testing for the "Wilson Pit." [RR, Vol.1 Exhibit 1]. This engineering report is signed by Shane E. Nance, P.E., a senior engineer for Apex Geoscience. [CR 39, 40] Shane Nance is a Professional Engineer, properly licensed as PE No. 81519 with the Texas Board of Professional Engineers and actively engaged in the practice of engineering within the State of Texas. [CR 39, 40]

This engineering testing analysis, which was signed by a licensed engineer in the State of Texas, and who was working for a firm that was registered as an engineering firm in the State of Texas is clearly and unequivocally "the practice of engineering" as outlined in TEX. OCC. CODE § 1001.003(c)(10-12), which defines the practice of engineering as follows:

> (10) A service, design, analysis or other work performed for a public or private entity in connection with the utility, structure, building, machine, equipment, process, system, work, project, or industrial or consumer product or equipment of a mechanical, electrical, electronic,

chemical, hydraulic, pneumatic, **geotechnical**, or thermal nature. (Emphasis added)

(12) Any other professional service necessary for the planning, progress or completion of an engineering service.

## 2. The Certificate of Merit Requirement

Appellant's claims against Appellees Braun and Apex arise out of the performance of their professional geotechnical engineering services. [CR 10] TEX. CIV. PRAC. & REM. CODE § 150.002(a) clearly states that "in any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered [Engineer], the plaintiff shall be required to file with the complaint" a certificate of merit.

In this case, Appellant failed to comply with this provision by failing to file with its complaint an affidavit of a licensed engineer who:

(a) Is competent to testify;
(b) Holds the same professional license or registration in the state of Texas as the involved agents, servants and representatives of the Defendant;
(c) Is knowledgeable in the area of practice of the Defendant;
(d) Offers testimony based on the person's knowledge, skill, experience, education, training and practice;
(e) Is actively engaged in the practice of architecture. [CR 10]

Furthermore, the statute requires that the affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed professional in providing the

11

professional services including identifying the error or omission which may have occurred in providing advice, judgment, opinions, or similar professional skills claimed to exist and the factual basis for each such claim. [CR 10]

### 3. Triggering the Certificate of Merit Requirement

In this case, Appellant's argue that TEX. CIV. PRAC. & REM. CODE § "150.001 defines what 'licensed professional engineer' means, [but] what constitutes the 'practice of engineering' by such a licensed professional engineer is not defined." [CR 14]

Appellee's argument is wholly irrelevant. TEX. CIV. PRAC. & REM. CODE § 150.002(a), commonly referred to as the Certificate of Merit requirement, does not include the phrase "the practice of engineering." Rather, TEX. CIV. PRAC. & REM. CODE § 150.002(a) requires that a certificate of merit be contemporaneously filed "In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional."

The question then presented by the statute is not "what constitutes the 'practice of engineering'", but rather does the dispute "[arise] out of the provision of professional services" by a licensed engineer.

In this case, a licensed engineer (Shane E. Nance, PE No. 81519) performed engineering services as a part of his employment for a licensed engineering firm (Apex, Engineering Firm No. 3179), which had contracted with defendant Advanced

Pavement Maintenance, LTD to perform geotechnical engineering analysis and testing. [CR 39, 40] Therefore, this dispute "[arises] out of the provision of professional services" and triggers the Certificate of Merit Requirement.

4. **Even if Texas Courts incorporate the § 150.001 "the practice of engineering" definition into the § 150.002(a) "arising out of the provision of professional services" requirement; Appellee was engaged in the practice of engineering**

Even if Texas Courts incorporated the definition of "the practice of engineering" from TEX. CIV. PRAC. & REM. CODE § 150.001 into the "arising out of the provision of professional services" requirement from TEX. CIV. PRAC. & REM. CODE § 150.002(a); Appellee was clearly engaged in the practice of engineering.

TEX. CIV. PRAC. & REM. CODE § 150.001(3) states that "'Practice of engineering' has the meaning assigned by Section 1001.003, Occupations Code."

> "Practice of engineering" means the performance of or an offer or attempt to perform any public or private service or creative work, the adequate performance of which requires engineering education, training, and experience in applying special knowledge or judgment of the mathematical, physical, or engineering sciences to that service or creative work.

TEX. OCC. CODE. § 1001.003(b).

A. **The exemptions to the "practice of engineering" listed in Tex. Occ. Code. §§ 1001.053-063 do not apply to an Appellees pursuant to Tex. Occ. Code. § 1001.051**

The Occupations Code lists out several exemptions to the definition of the "practice of engineering." TEX. OCC. CODE. §§ 1001.053-063. These exemptions

13

are meant to allow non-engineers to perform certain and specific tasks, which would otherwise be considered the unlawful practice of engineering. See, "An exemption under this subchapter applies only to a person who does not offer to the public to perform engineering services." TEX. OCC. CODE. § 1001.051.

As active and properly registered engineering firms, Appellees offered engineering services to the public for hire. In this very dispute, Appellee Apex was hired by Advanced Pavement Maintenance, LTD, an unrelated member of the public, to perform Engineering Services.

**B. Even if the Court finds that Tex. Occ. Code. § 1001.051 does not apply to Appellees, Tex. Occ. Code. § 1001.062 does not apply in this case**

Appellant attempts to argue that TEX. OCC. CODE. § 1001.062 is an exemption that applies in this case. That exemption, titled CERTAIN EMPLOYEES WORKING FROM ENGINEER'S PLANS exempts "a regular full-time employee of a private business entity who is engaged in erecting, constructing, enlarging, altering, repairing, rehabilitating, or maintaining an improvement to real property in accordance with plans or specifications that have an engineer's seal."

Appellant's attempt to use this as an exemption in this case is preposterous at best. Obviously, by reading the cited sections of the TEX. OCC. CODE outlined above, the exception outlined in 1001.062 is meant to exclude individuals who are constructing some type of improvement upon real property and who are working

14

from engineer's plans that have an engineer's seal. That exception is totally inapplicable to the situation we have here in which a geotechnical engineer has signed a geotechnical engineering analysis as a part of his employment at a geotechnical engineering firm.

On this project, Appellee did not erect, construct, enlarge, alter, repair, rehabilitate, or maintain any improvements to real property. Rather, Apex performed geotechnical and engineering analysis of a borrow pit, with an engineering report as the only deliverable. Furthermore, Appellant has offered no evidence showing that Appellees Apex and/or Braun erected, constructed, enlarged, altered, repaired, rehabilitated, or maintained any improvements to real property

Furthermore, Appellees were not working from or "in accordance with plans or specifications that have an engineer's seal." Appellee Apex independently tested materials located within a borrow pit, and provided a report detailing the engineering analysis to Advanced Pavement Maintenance, LTD. [CR 39, 40]

The actions or omissions of defendant Advanced Pavement Maintenance, LTD, a separate company, are entirely irrelevant to the issue in this appeal. Just because Advanced Pavement Maintenance, LTD attached the Apex Engineering Report to its bid proposal, does not mean that somehow Appellees Apex and Braun

15

were working under the seal of a project, for which it had neither contractual privity or even so much as a copy of the sealed plans.

If we take Appellant's cited exception as valid, any engineer that has anything to do with a project is actually not practicing engineering. This is completely contrary to the strict regulations that the TBPE places upon the engineers licensed and the firms registered to practice within the State.

5.     **Dismissal for Failure to Comply was the Proper Remedy**

Pursuant to the provisions of TEX. CIV. PRAC. & REM. CODE § 150.002(e), Appellant's failure to file the affidavit in accordance with this statute shall result in the dismissal of the complaint. The statute as written states that although the Court must dismiss the case, the dismissal may be with prejudice, and it is up to the Court's sound discretion as to whether the dismissal should be with prejudice. In this situation, the Trial Court chose to dismiss the causes of action against Appellees without prejudice.

## CONCLUSION AND PRAYER

Appellant failed to follow the requirements of TEX. CIV. PRAC. & REM. CODE, § 150 and pursuant to the provisions of § 150.002(e), the Trial Court properly dismissed the causes of action against Appellees for the failure to file the affidavit in accordance with Texas Law.

WHEREFORE, PREMISES CONSIDERED, Appellees Apex Geoscience, Inc. and Braun Intertec Corporation requests that this Honorable Court affirm the Trial Court's order of dismissal and that Appellees Apex Geoscience, Inc. and Braun Intertec Corporation have such other and further relief to which they may show themselves justly entitled.

**Respectfully submitted,**

**FISK ALEXANDER, P.C.**


By:    <u>/s/ D. Wilkes Alexander</u>
       **D. WILKES ALEXANDER**
       State Bar No. 00783527
       <u>walexander@fiskalexander.com</u>
       **JAMES B. PRUDEN**
       State Bar No. 24090822
       <u>jpruden@fiskalexander.com</u>
       2711 N. Haskell Avenue
       Suite 1550 – LB 10
       Dallas, Texas 75204
       214/638-3744 - Telephone
       214/638-5105 - Facsimile

       **ATTORNEYS FOR APPELLEES**
       **APEX GEOSCIENCE, INC. AND**
       **BRAUN INTERTEC CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2018, a copy of the foregoing document was served upon all attorneys of record as indicated below.

JERRY N. DENNARD
3250 Mid Hollow Drive
San Antonio, Texas 78230
dennardlaw@aol.com
*Attorney for Ronald R. Wagner & Co., L.P.*

Brian R. Smith
ATTORNEY AT LAW
Chase Tower, Suite 600
P.O. Box 9134
Amarillo, Texas 79105
brs@suddenlinkmail.com
*Attorney for Advantage Asphalt of Lubbock, LLC,*
*Advanced Pavement Maintenance, Ltd., Glenn E. Braudt*
*and Brad Scott Knutson*

/s/ D. Wilkes Alexander
**D. Wilkes Alexander**

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the above computer-generated document contains a total of 2,220 words, not counting the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, supplemental statement of the case, statement of issues presented, signature, proof of service, certification, certificate of compliance, and appendix, as shown by the computer program creating said document

/s/ D. Wilkes Alexander
**D. Wilkes Alexander**